STANLEY TOWERS *vs.* GLIDER AND LEVIN ET AL.

* Third Judicial District, New Haven, June Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

A licensed osteopath is a "physician" within the meaning of § 5347 of
    the General Statutes, which provides that an injured employee
    may recover the expense of a "competent physician" from an
    employer who has failed to furnish one.
Whether the expense of a licensed osteopath is recoverable under the
    statute depends upon his competency to treat the particular injury
    in question, and each case is to be determined on its facts; the find-
    ing in the present case that he was competent to treat the strained
    back suffered by the claimant being a sufficient basis for an award
    against the employer.

Argued June 5th—decided June 30th, 1924.

APPEAL by the claimant from an order of the Compen-
sation Commissioner for the first district denying a mo-
tion for an order directing the respondents to pay a bill
for services rendered by an osteopathic physician in
treating and curing the claimant's injury, taken to and
reserved by the Superior Court in Hartford County
(*Hinman, J.*), upon the Commissioner's finding of facts,
for the advice of this court. *Superior Court advised to
sustain the appeal and to enter judgment requiring the
respondents to pay for the service rendered.*

It appears from the finding that on November 22d,
1922, the claimant suffered an injury arising out of and
in the course of his employment, which injury consisted
of a strained back causing temporary total incapacity.
On the original hearing an order was made that the
respondents pay compensation to the claimant during
the period of incapacity, and that the respondents also

* Transferred from first judicial district.

be holden for all medical, surgical and hospital expenses rendered reasonably necessary on account of the injury. That part of the award which had to do with the payment of weekly compensation has been complied with by the respondents, but the payment of medical, surgical and hospital expenses has not been made, and upon a rehearing had on motion of the respondents they denied liability for such expenses claiming that Dr. Andrus, who had treated the claimant, was not a "competent physician or surgeon" within the meaning of § 5347 of the Workmen's Compensation Act. Claimant denied this claim and moved for an order requiring the respondents to pay for the services rendered by Dr. Andrus. On the rehearing the commissioner found the following facts, which are not controverted: "Dr. Andrus is generally competent to administer treatment by means of the osteopathic school of the healing art in the State of Connecticut, and was duly licensed to do so. Dr. Andrus was also competent to treat the claimant in this particular case for an injury arising out of and in the course of his employment by the respondents on November 22, 1922. The claimant was treated for the aforesaid injury by Dr. Andrus and said treatment was successful. Dr. Andrus was not authorized by law to administer treatment otherwise than by the aforesaid methods and cult."

On these findings the commissioner ruled, *pro forma,* that Dr. Andrus was not a "competent physician or surgeon" within the meaning of the Act.

Claimant appealed to the Superior Court, assigning as reasons of appeal that "the commissioner erred in finding that Dr. William H. Andrus was not a competent physician within the meaning of the Workmen's Compensation Act," and the Superior Court, upon its own motion, reserved the case for the opinion of this court, pursuant to the statute.

*John Buckley*, for the plaintiff.

No argument was made or brief submitted in this court for the defendants.

BEACH, J.   The relevant portion of § 5347, reads as follows: "The employer, as soon as he has knowledge of any such injury, shall provide a competent physician or surgeon to attend the injured employee, and in addition shall furnish such medical and surgical aid or hospital service as such physician or surgeon shall deem reasonable or necessary.   In the event of the failure of the employer promptly to provide such physician or surgeon or medical, surgical or hospital service, the injured employee may provide such physician or surgeon or medical, surgical or hospital service at the expense of the employer."   In this connection the commissioner finds that the respondents did not provide medical service and the claimant resorted to Dr. Andrus for treatment.

Thus, the single question presented by the reservation is whether upon the facts found Dr. Andrus was "a competent physician or surgeon to attend the injured employee" in this particular case.   Each case is to be determined by its own facts.   Undoubtedly certain diseases are incapable of treatment by osteopathic methods.   The statute, we think, requires both legal competency and competency in the particular case.

On the findings, Dr. Andrus was competent in both of these respects.   He was licensed to practice the healing art by the lawful, though limited, methods of osteopathy, and he was competent to treat the claimant in this particular case for the injury in question, and did treat it with success.   Apparently the only question remaining is whether he is a "physician."

It has been intimated in one decision of a compensa-

tion commissioner and held in another, that a licensed osteopathic practitioner is not a "physician." *Spain* v. *Metropolitan Furniture Co.*, 3 Conn. Comp. Dig. 37; *Arthur* v. *Oddy*, 4 Conn. Comp. Dig. 415.

We think these decisions were made without giving due consideration to the fact that osteopaths are described as "physicians" in the statutes regulating the issuing of licenses to them. In § 2864, it is prescribed that the members of the examining board "shall be resident osteopathic physicians of good standing," etc.; and in § 2866, that "osteopathic physicians shall be subject to the rules and regulations that govern other physicians in the making and filing of death certificates," etc. These provisions of the statutes long antedate the passage of § 5347, and it is to be supposed that the General Assembly used the term physician in the latter section in the same sense as in prior statutes. It would be strange if a licensed osteopath acting within the limits of his school of practice were legally entitled to the name "physician" except only when treating an injured employee.

We are of opinion that Dr. Andrus, being a licensed "osteopathic physician," is a "physician" within the meaning of § 5347, and that as he was competent to treat the claimant in this case, for the injury in question, the claimant had, upon the facts found, the right to resort to Dr. Andrus for treatment, at the expense of the respondents.

The Superior Court is advised to sustain the claimant's appeal and to enter judgment requiring the respondents to pay for the medical service rendered by Dr. Andrus.

In this opinion the other judges concurred.